IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICE R. GOINS, | ) |
| Plaintiff | ) |
| vs. | ) Civil Action No. 07-460 |
| JOSEPH M. JAMES, P.J.; STEPHEN A. ZAPPALA, JR. Esq.; Dr. CYRIL H. WECHT, Coroner; LEWIS BREAULTS, Deputy Coroner; DONALD KANAI, Deputy Coroner; TIMOTHY G. UHRICH, Deputy Coroner; JAMES R. MORTON, Detective; LEONARD T. WALTERS, Detective; and JEFFREY KORCZYK, Detective; | ) Judge Donetta W. Ambrose/ Magistrate Judge Amy Reynolds Hay |
| Defendants | ) |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that the complaint be dismissed before service for failure to state a claim upon which relief can be granted pursuant to the screening provisions of the Prison Litigation Reform Act.

REPORT

Maurice R. Goins ("Plaintiff"), currently incarcerated in the State Corrections Institute at Fayette, has filed a civil action against many defendants involved, directly or indirectly, in the initiation of his criminal prosecution for murder, which was begun on June 8 to 9, 1998, nearly nine years ago. He is currently serving a 20 to 40 year sentence for his conviction of third degree murder. Plaintiff's basic complaint is that the use of the coroner to conduct his preliminary criminal proceedings, including issuance of the arrest warrant and conducting of the arraignment and preliminary hearing, violated his constitutional rights because the coroner is not a neutral and detached magistrate.

In his complaint, Plaintiff complains of actions taken by the Defendants that occurred no later than November 9, 1999. Dkt. [4] at 3, ¶16. This is giving Plaintiff the most generous interpretation of his complaint because that is the date he was sentenced by a Common Pleas Court Judge, who is not named as a defendant herein. In fact, the last action taken by any named Defendant mentioned in the complaint is the action of Defendant Uhrich, a Deputy Coroner, who conducted Plaintiff's preliminary hearing on June 18, 1998. Id., at 3, ¶13. It is apparent from the face of the complaint that Plaintiff's suit is time barred and, therefore, it should be dismissed for failure to state a claim upon which relief can be granted.

*Legal Standards*

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that- A) the allegation of poverty is untrue; or (B) the action or appeal- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2). Here, Plaintiff has been granted IFP status, Dkt. [3], and is a prisoner within the meaning of 28 U.S.C. §1915.[1] Thus, Section 1915(e)(2) is applicable herein. Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim upon which relief can be granted, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section

---

[1] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h)

2

1915(e)(2).  See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim.").

In performing the court's mandated function of sua sponte review of complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1997) ("Under  28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'.  This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (4th Cir. 1997) (Table).

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and in applying the standards applicable to a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See  Estelle v. Gamble, 429 U.S. 97 (1976).  Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

*Discussion*

The heart of Plaintiff's complaint is as follows:

> Plaintiff has been deprived of his right to a preliminary hearing by a neutral and detached Magistrate, to determine probable cause for pretrial restraint of his liberty, which is guaranteed by the Fourth, Fourteenth Amendment to the United States Constitution.  The willingness of Allegheny County Courthouse to allow the Coroner[']s office, which is part of the Commonwealth investigation team to participate in the warrant requirement, and also [in the] neutral, detached

>Magistrate role deprived Plaintiff of Meaningful Constitutional rights of the U.S. Constitution . . . .

Dkt. [4] at 4, ¶ 20.  By way of relief, Plaintiff seeks to have this court, inter alia, issue an injunction to Defendant Joseph James, President Judge of the Court of Common Pleas of Allegheny County, requiring him to "immediately give Plaintiff a hearing before a neutral, detached magistrate to determine further legality of restraint of Plaintiff['s] liberty."  Dkt. 4 at 4, ¶2.

Plaintiff invokes this court's jurisdiction under 42 U.S.C. § 1983.  Dkt. 4 at 1.  Congress did not specify a statute of limitations for actions arising under 42 U.S.C. § 1983 of the Federal Civil Rights law.  Wilson v. Garcia, 471 U.S. 261, 267 (1985), *superceded by statute on other grounds as recognized in*, Guerrero v. Gates, 442 F.3d 697, 705 n.32 (9th Cir. 2006); Mitchell v. Guzick, 138 Fed.Appx. 496, 501 (3d Cir. 2005).  Because of this, the Courts are to consider Section 1983 actions as tort actions and borrow the statute of limitations for personal injury or tort actions from the appropriate state.  See id.  The Court of Appeals for the Third Circuit has declared that for Section 1983 actions brought in the Federal courts located within the Commonwealth of Pennsylvania the appropriate statute of limitations is two years.  Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985)("the two-year Pennsylvania limitation for personal injury actions of 42 Pa.Const.Stat.Ann. § 5524 governs all § 1983 actions brought in Pennsylvania.").

A Federal District Court may sua sponte raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint.  See, e.g., Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001); Alston v. Tennessee Dept. of Corrections, 28 Fed.Appx. 475 (6th Cir. 2002); Tate v. United States, 13 Fed.Appx. 726 (9th Cir. 2001).

Herein, the constitutional torts complained of by Plaintiff, namely, the allegedly improper role of the Coroner's office in the issuance of an arrest warrant and in the holding of the arraignment and preliminary hearing, which allegedly violated Plaintiff's constitutional rights, all occurred in June 1998. The very latest action that Plaintiff complains of in the complaint occurred on November 9, 1999, when Judge McDaniel, who is not a Defendant, sentenced Plaintiff to 20 to 40 years on the charge of third degree murder, which the jury found him guilty of and which was the charge that the Coroner's office bound over for trial after the preliminary hearing.

Plaintiff did not "file"[2] his application to proceed in forma pauperis, which would stop the running the of the statute of limitations,[3] until April 2, 2007, nearly nine years after the defendants allegedly engaged in their tortious conduct of either directly participating in the proceedings before the Coroner's office, as was alleged by the complaint in the case of all of the defendants except Defendants Zappala and James, who were simply alleged to have had knowledge that these "unconstitutional" proceedings were being held before the Coroner's office and did nothing about it. Dkt. [4] at 3, ¶18. Hence because the alleged constitutional torts occurred nearly nine years before Plaintiff filed the instant action, it is clear from the face of the complaint that Plaintiff failed to commence his lawsuit within the applicable two year statute of

---

[2] The Plaintiff's application for IFP status was not signed until April 2, 2007, which is the earliest this court could deem Plaintiff's suit as being filed, which is beyond the two year limitations period. See Cromwell v. Keane, 27 Fed.Appx. 13 (2d Cir. 2001)(for prisoner mail box rule, a prisoner is deemed to file his pleading on the date which he hands it to prison officials for mailing; in the absence of evidence as to when this is, the court should deem the date whereon the prisoner signed his IFP application as the date whereon he handed his pleading to the prison officials).

[3] Richardson v. Diagnostic Rehabilitation Center, 836 F.Supp. 252, 254 (E.D. Pa. 1993) ("While a complaint accompanied by an i.f.p. motion is usually not deemed 'filed' until leave to proceed in forma pauperis is granted or the filing fee is paid, the filing of the motion tolls the applicable statute of limitations.")

limitations. Accordingly, the complaint should be dismissed before service for failing to state a claim upon which relief can be granted given that the statute of limitations bars the suit.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                                          Respectfully submitted,

                                          /s/  *Amy Reynolds Hay*
                                          United States Magistrate Judge

Dated:   23 May, 2007


cc:      The Honorable Donetta W. Ambrose
         United States District Judge

         Maurice R. Goins
         EB-7972
         SCI Fayette
         Box 9999
         LaBelle, PA 15450-0999